UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FABIEL MICOLTA,

v.                                    Case No.     8:03-cr-503-T-24EAJ
                                                   8:05-cv-1753-T-24EAJ

UNITED STATES OF AMERICA.

_____/

### ORDER

This cause is before the Court on Defendant Fabiel Micolta (Micolta's) motion to vacate, set aside, or correct an allegedly illegal sentence. (Doc. cv-1; cr-252).

BACKGROUND

On March 12, 2004, Micolta, pursuant to a written plea agreement, pled guilty to count two of a two-count Indictment.  Count two charged that Micolta and others, from an unknown date through on or about December 22, 2003, with the Middle District of Florida being the place at which the defendants entered the United States:

> did knowingly and willfully combine, conspire, and agree with other persons known and unknown to the Grand Jury, to possess with intent to distribute five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, while aboard a vessel subject to the jurisdiction of the United States, to wit, the F/V Candy I, in violation of Title 46, Appendix, United States Code, Sections 1903(a) and 1903(g).

> All in violation of Title 46 Appendix United States Code Sections 1903(a), 1903(g), and 1903(j), United States Code, Section 960(b)(1)(B)(ii).

(Doc. cr-10, cr-89).

On June 23, 2004, the Court sentenced Micolta to 135 months incarceration. Judgment was entered June 24, 2004.  (Doc. cr-163;  cr-164).  Micolta did not file a direct appeal.

Motion To Vacate Is Time-Barred

Because review "of the motion and the file and records of the case conclusively show that the defendant is entitled to no relief," the Court will not cause notice thereof to be served upon the United States Attorney but shall proceed to address the matter. See 28 U.S.C. § 2255.

On April 24, 1996, a substantial amendment to 28 U.S.C. § 2255 became effective. That amendment, § 105 of the Antiterrorism and Effective Death Penalty Act of 1995 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, established a one-year "period of limitation" for the filing of a § 2255 motion, to run from the latest of: 1) the date on which the judgment of conviction becomes final; 2) the date any unconstitutional government impediment, if any, precluding the movant from making a motion is removed; 3) the date on which the right asserted was initially recognized by the United States Supreme Court; or 4) the date on which the facts supporting the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255, as amended by Pub. L. No. 104-132, Title 1, § 105 (Apr. 24, 1996).

For final judgments entered after the effective date of the AEDPA, or April 24, 1996, as in this case, the statute of limitations begins to run on the date the district court's judgment becomes final.  Micolta's conviction became final on July 6, 2004, when the time for filing a direct appeal had passed; thus, he had until July 7, 2005, to file a timely section 2255 motion. See Adams v. United States, 173 F.3d 1339, 1342 (11th Cir. 1999) (when

defendant does not pursue direct appeal, conviction becomes final when time for filing a direct appeal expires).  Micolta signed his section 2255 motion on September 12, 2005. Therefore, the 28 U.S.C. § 2255 motion to vacate is time-barred.

Micolta has not presented any exceptional circumstances for tolling the one-year limitations period.

Accordingly, the court orders:

That Micolta's motion to vacate, set aside, or correct an allegedly illegal sentence (Doc. cv-1; cr-252)  is denied, with prejudice, as time-barred. The Clerk is directed to enter judgment against Micolta and to close the civil case.  Micolta's motion to proceed in forma pauperis is denied (Doc. cv-2).

ORDERED at Tampa, Florida, on October 11, 2005.

SUSAN C. BUCKLEW
United States District Judge

AUSA:  Joseph K. Ruddy
Pro se: Fabiel Micolta